J-S09037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY ALLEN KEYTON, | |
| Appellant | No. 1469 WDA 2014 |

Appeal from the Judgment of Sentence entered August 28, 2014,
in the Court of Common Pleas of Fayette County,
Criminal Division, at No(s): CP-26-CR-0001993-2013

BEFORE:  FORD ELLIOTT, P.J.E., BOWES, and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED FEBRUARY 11, 2015**

Anthony Allen Keyton ("Appellant") appeals from the judgment of sentence imposed after a jury convicted him of theft by unlawful taking of movable property pursuant to 18 Pa.C.S.A. § 3921(a), and the trial court sentenced him to three (3) to twenty-four (24) months in prison.  We affirm on the basis of the trial court opinion.

On September 5, 2014, Appellant filed a timely post-sentence motion which the trial court denied on September 9, 2014.  Appellant filed a timely appeal.  Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents two issues for our review:

> 1.    DID THE COMMONWEALTH FAIL TO PROVE THAT [APPELLANT] REMOVED TOOLS FROM THE KLONDIKE BLOCK WITH THE INTENT TO DEPRIVE THE LAWFUL OWNER OF HIS PROPERTY[?]

2.     DID THE TRIAL COURT ERR IN DENYING [APPELLANT'S] POST SENTENCE MOTION FOR A NEW TRIAL AS THE VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE BECAUSE THE JURY CONSIDERED ONLY [APPELLANT'S] PRIOR CONVICTION AND FAILED TO CONSIDER THAT [APPELLANT] BRIEFLY BORROWED THE TOOLS AND INTENDED TO RETURN THEM THE FOLLOWING AFTERNOON[?]

Appellant's Brief at 7.

After thorough review of the record, including the notes of testimony from the August 6-7, 2014 jury trial, we find that the October 21, 2014 Opinion authored by the Honorable Joseph M. George, Jr., sitting as the trial court, capably disposes of Appellant's claims.  Judge George has accurately detailed the facts, with citations to the notes of testimony, and cited prevailing legal authority applicable to Appellant's claims, such that further commentary by this Court would be redundant.  Accordingly, we adopt Judge George's October 21, 2014 Opinion as our own in affirming the judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/11/2015

Circulated 01/23/2015 04:33 PM

J-S09037-15

IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY,
PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,    : CRIMINAL ACTION

    v.    :

ANTHONY A. KEYTON,    : Case No. 1993 of 2013

    Defendant/Appellant.    :

_____    : JUDGE JOSEPH M. GEORGE, JR.

## ATTORNEYS AND LAW FIRMS

Jennifer Casini, Esquire, Assistant District Attorney, *For the Commonwealth*

Robert Harper, Esquire, Assistant Public Defender, *For the Defendant/Appellant*

# OPINION

GEORGE, J.                                            October 20, 2014

Following a trial by jury, Appellant, Anthony A. Keyton, was found guilty of theft by unlawful taking, movable property.[1] On August 28, 2014 the Court sentenced Appellant to a term of imprisonment to run not less than three (3) months nor more than twenty-four (24) months. Appellant filed a timely post-sentence motion and the Court denied same. He filed a direct appeal to the Superior Court of Pennsylvania. This Opinion is in support of the verdict of the jury.

## CONCISE ISSUES

Appellant filed the following Statement of Errors Complained of on Appeal:

1. Was the verdict against the weight of the evidence because the Commonwealth failed to prove that the defendant removed tools from the Klondike Block with the intent to deprive the lawful owner of his property?

---

[1] 18 Pa.C.S. § 3921(a)

2. Did the Trial Court err in denying Defendant's post sentence motion for a new trial as the verdict was against the weight of the evidence because the jury improperly considered only the defendant's prior conviction and failed to consider that the defendant briefly borrowed the tools and intended to return them the following afternoon.

FACTS

John R. Sexton is the owner of Klondike Block ("Klondike"), a Fayette County business located at 645 Atlas Road, Hopwood, Pennsylvania. (T.T. p. 28). Klondike fabricates a particular type of concrete-like block utilized in mining operations. (T.T. p. 12, 14). To handle various stages of logistics, construction, and cleanup, Klondike employs approximately eight persons – four machine operators, two laborers, a superintendent, and Mr. Sexton. (T.T. pp. 13, 17, 37).

Klondike occupies a large facility, roughly 11,000 square feet, which includes the areas of manufacture and the inner and outer offices. (T.T. pp. 16). Work generally commences around 7:00 a.m. and varies depending upon the nature of the position each employee occupies. (T.T. pp. 13, 14). Mr. Sexton; Mr. Robert Higinbotham, the superintendent; and the operators typically finish working around 3:30 p.m., leaving the laborers to clean the mixing machines until about 4:30 p.m. (T.T. pp. 13, 14, 40, 70).

During normal hours, all employees have permission to move about most of the premises, including the outer office where they clock into and out of work and where some materials are stored. (T.T. pp. 16, 18). With the exception of Mr. Sexton and Mr. Higinbotham, no employee may enter the inner office without permission. (T.T. pp. 16-17). A sign on the door indicates that no employees may enter. (T.T. p. 17). Permission is only rarely given to those employees needing to use the phone. (T.T. p.

41). The office area is separate from the rest of the facility; the only means of entrance and exit is a door located within the outer office. (T.T. p. 31).

Starting in late July 2013, Klondike employed Appellant as a laborer. (T.T. p. 29). Laborers are primarily responsible for post-manufacture cleanup of the mixing machines. (T.T. p. 13-14). They are not expected nor instructed to fix machines using any tools available at Klondike or otherwise. (T.T. p. 28). Of the employees who are tasked to fix the machines, none are permitted to retrieve them from the inner office; rather, they are retrieved as needed by Mr. Higinbotham. (T.T. p. 37, 38).

In the weeks following Appellant's employment, several items went missing, presumed stolen, from the outer office area. (T.T. p. 18, 45-46). In response, Mr. Sexton positioned a "trail camera," one normally used in wild game hunting, at different times and in different areas of the Klondike premises. (T.T. pp. 18, 19). Mr. Sexton only informed Mr. Higinbotham of the camera's use and locations. (T.T. p. 19).

On or about August 21, 2013, Mr. Sexton positioned the camera within the outer office with a view toward the inner office. (T.T. p. 20). The next day, he and Mr. Higinbotham reviewed the video, which showed Appellant coming from the direction of the inner office, moving through the outer office, and leaving the building with a box they recognized as belonging to Klondike and containing several hundred dollars' worth of hand tools. (T.T. pp. 23-25).[2]

Those tools and others were kept underneath a desk within the inner office. (T.T. pp. 31, 33). Appellant never received permission to borrow any tools. (T.T. pp.

---

[2] The parties stipulated to the video's authenticity and allowed the jury to review the same. (T.T. p. 21-22).

25-26). Appellant did not return the tools the next day or make any mention about having borrowed them. (T.T. p. 27).

Mr. Sexton immediately contacted the Pennsylvania State Police ("PSP"). (T.T. p. 20). PSP Trooper Jessica Zangla responded to the call. (T.T. p. 49). After reviewing the video, Trooper Zangla arrested Appellant, provided him a *Miranda* warning, and placed him in the back of her police cruiser. (T.T. pp. 51-52). On the way to PSP barracks, Appellant admitted to taking the tools, but claimed to have borrowed the same. (T.T. p. 54). The jury was permitted to hear rebuttal testimony concerning Appellant's 2011 conviction for the crime of Theft by Unlawful Taking. (T.T. p. 82).

Appellant testified in his defense, as did his father, Mr. Carl Ribniscky. According to them, Appellant merely borrowed the tools to change the axle of Mr. Ribniscky's vehicle. (T.T. pp. 62-63, 73-74). Both testified to the procedure of changing an axle, and Mr. Ribniscky claimed that the necessary tools were the type Appellant removed from Klondike. (T.T. pp. 63; *see* T.T. p. 24). Appellant added that he has mechanic experience. (T.T. p. 72). Appellant also claimed he was fully aware of the camera which Mr. Sexton had placed in the outer office. (T.T. p. 72).

After the work was completed, Appellant stored the tools in his home. (T.T. p. 75). However, Appellant did not return the tools the next day, which was the same day he was arrested. (T.T. p. 66). Appellant claimed to have merely forgotten the tools, as he was running late for work. (T.T. p. 75). Mr. Ribniscky returned the tools following Appellant's arrest. (T.T. p. 27, 68). Even after the tools were returned, Mr. Sexton testified that certain tools were missing from the box. (T.T. p. 35-36). Appellant and Mr. Ribniscky denied that any tools were missing. (T.T. pp. 66, 76).

## DISCUSSION

Appellant's alleged errors address both the sufficiency and weight of the evidence. Accordingly, it is necessary

> to delineate the distinctions between a claim challenging the sufficiency of the evidence and a claim that challenges the weight of the evidence. The distinction between these two challenges is critical. A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution, whereas a claim challenging the weight of the evidence if granted would permit a second trial.

*Com. v. Widmer*, 744 A.2d 745, 751 (Pa. 2000) (citation omitted).

"A challenge to the weight of the evidence, in contrast to a challenge to the sufficiency of the evidence, [also] concedes that there is sufficient evidence to sustain the verdict." *Com. v. Smith*, 853 A.2d 1020, 1027 (Pa. Super. Ct. 2004).

### I.    Sufficiency of the Evidence

> The standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom is sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. The Commonwealth may sustain its burden of proving every element beyond a reasonable doubt by means of wholly circumstantial evidence.
>
> The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. [In this context, Courts] do not assess credibility nor . . . assign weight to any of the testimony of record. Therefore, we will not disturb the verdict unless the evidence is so weak and inconclusive

that as a matter of law no probability of fact may be drawn
from the combined circumstances.

*Com. v. Vogelsong*, 90 A.3d 717, 719 (Pa. Super. Ct. 2014).

"A person is guilty of theft [of movable property] if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S. § 3921(a). In considering the subjective intent to deprive, the facts and circumstances surrounding the alleged deprivation are relevant. *See Penn-Air, Inc. v. Indem. Ins. Co. of N. Am.*, 269 A.2d 19, 23 (Pa. 1970); *Com. v. Compel*, 344 A.2d 701, 704 (Pa. Super. Ct. 1975); *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 796 (3d Cir. 2000).

There is no dispute in this case concerning Appellant's unlawful control over the tools. He had neither express nor implied permission to borrow the same, or even to enter the area where they were stored. Rather, Appellant contends that the evidence was insufficient to demonstrate Appellant's intent to deprive.

Our recitation of the facts above amply demonstrates the sufficiency of the evidence concerning Appellant's intent. In that regard, the evidence showed that: (1) Appellant knew he did not have permission to take the tools; (2) Appellant took the tools without permission; (3) Appellant did not return the tools; (4) Appellant's father returned the tools <u>after</u> the Appellant was arrested; and (5) Several tools were <u>never</u> returned.

"The Commonwealth need not preclude every possibility of innocence or establish the defendant's guilt to a mathematical certainty. The trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is

free to believe all, part or none of the evidence" *Commonwealth v. Williams*, 871 A.2d 254, (Pa. Super. 2005).

The jury, as trier of fact, made the ultimate credibility determination as to the intent of the Appellant and they acted within their province when they chose not to accept the defendant's testimony. Accordingly, a review of the evidence at trial reveals that there was sufficient credible evidence to support the jury's verdict.

## II.  Weight of the Evidence

> An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice."

*Widmer*, 744 A.2d at 751-52 (citation omitted); *see Com. v. Betz*, 664 A.2d 600, 604 (Pa. Super. Ct. 1995) (weight of exculpatory evidence must shock the court's sense of justice). "[A] challenge to the weight of the evidence must be raised with the trial judge or it will be waived." Pa.R.Crim.P. 607.

We note that Appellant timely filed a motion for new trial, which is the appropriate means to preserve an alleged error in the weight of the evidence. However, the Court believes that the weight of the evidence favors the jury's finding of guilt.

"A new trial is warranted only when the jury's verdict is so contrary to the evidence that it shocks one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Commonwealth v. Morales*, 91 A.3d 80, (Pa. 2014).

A review of the evidence presented at trial demonstrates that the Appellant was captured on video surveillance removing the tools, Appellant admitted he did not have permission to take the tools from the owner and some of the tools were only returned to the owner after Appellant was under arrest for the theft of same. The jury as fact finder chose to disregard the testimony of the Appellant regarding his intent. The Court finds that the jury verdict is amply supported by the evidence and the verdict of guilty does not shock this Court's sense of justice.

Wherefore, it is respectfully submitted that this appeal is without merit and should be denied.

BY THE COURT:

ATTEST:

_____
JOSEPH M. GEORGE, JR., JUDGE

_____
CLERK OF COURTS